

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,841

**EX PARTE RODNEY C. JONES, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2005-411,112-A IN THE 140TH DISTRICT COURT
### FROM LUBBOCK COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to eight (8) years' imprisonment. The Seventh Court of Appeals dismissed Applicant's direct appeal because the notice of appeal was untimely filed. *Jones v. State*, No. 07-06-0180-CR, (Tex. App. – Amarillo, 2006, no pet.) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to file a timely notice of appeal. We remanded this application to the trial court for findings

of fact and conclusions of law.

The trial court has determined that trial counsel was ineffective and that counsel's deficient performance prejudiced Applicant. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Case No. 2005-411,112-A from the 140th Judicial District Court of Lubbock County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: February 13, 2008
Do Not Publish